IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL L. MARSHALL          *
                             *
v.                           *     Civil Action No. WMN-15-555
                             *
MARSHALL'S TJX COMPANIES, INC.*

    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

### MEMORANDUM AND ORDER

After receiving a right to sue letter from the Equal Employment Opportunity Commission dated December 1, 2014, Plaintiff, proceeding pro se, filed this action in this Court on February 26, 2015, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. A summons was issued for Defendant Marshall's TJX Companies, Inc.[1] on March 31, 2015. On May 29, 2015, Plaintiff filed a "Proof of Service" that indicated that he had mailed the summons by certified mail, restricted delivery, to "Marshall's TJX Companies, 12 Mountain Rd., Glenn Burnie, MD, 21061." ECF No. 6. This certified mail was signed for by Alician Bunch at that address on May 25, 2015. Ms. Bunch, however, has submitted an affidavit stating that: she is a Merchandise Coordinator at the store to which the summons was sent; she was not aware that the envelope contained a summons when she signed for it; she is not, nor has she ever

_____

[1] Defendant has noted that its correct name is TJX Companies, Inc.

been, authorized to accept service of process for Defendant; and
the envelope did not contain a copy of the Complaint, but simply
contained the summons.   ECF No. 7-3 ¶¶ 1-5.

Defendant filed a motion on June 15, 2015, ECF No. 7,
arguing that the Complaint should be dismissed under Rule
12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure on
the ground that service was insufficient for the following
reasons.  First, Plaintiff mailed the summons himself, which
violates the rule requiring service to be made by a non-party.
See Rule 4(c)(2) (providing that service can be made by a person
who is at least 18 years of age and not a party to the suit);
Constien v. United States, 628 F.3d 1207, 1213-14 (10th Cir.
2010) (while questioning the wisdom of applying this requirement
in this context, noting that the rule contains no exception to
the nonparty requirement for service by mail).[2]  Second,
Plaintiff mailed the summons to one of Defendant's stores,
rather than to Defendant's resident agent or other individual
authorized to accept service. See Md. Rules 2-121(a)(3) and 2-
124(d) (providing that process must be mailed "to the person to
be served" which, for corporations, is the corporation's
"resident agent, president, secretary, or treasurer").  Third,

_____

[2] The Federal Rules do not provide for service by mail but permit
service in accordance with state law.  Fed. R. Civ. P. 4(e)(1).
The Maryland Rules provide for service by certified mail.  Md.
Rule 2-121(a)(3).

Plaintiff failed to send a copy of the Complaint along with the Summons, in violation of Rule 4(c)(1) of the Federal Rules of Civil Procedure and Rule 2-121(a) of the Maryland Rules. Finally, Plaintiff's proof of service filing failed to comply with the Maryland Rules which require the filing of an affidavit stating that the individual effecting service is over 18 years of age along with the original return receipt. Md. Rule 2-126(a)(2) & (3).

There is no question that service was insufficient for each and all of these reasons. Plaintiff, in opposing Defendant's motion, acknowledges as much and apologizes for his failure to properly effect service. Plaintiff asks the Court's indulgence for that failure, however, noting his pro se status, his "ignorance of the details of the law," and the fact that Defendant had actual notice of this action. ECF No. 9.

Once a defendant challenges service of process, the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of the applicable rules. Miller v. Baltimore City Bd. of Sch. Comm'rs, 833 F. Supp. 2d 513, 516 (D. Md. 2011). In determining whether the plaintiff has satisfied his burden, the Fourth Circuit has instructed that the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit. Karlsson v. Rabinowitz,

3

318 F.2d 666, 668–69 (4th Cir. 1963).  "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process. Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984).  The Fourth Circuit has also cautioned, however, that "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored."  Id.; see also Tart v. Hudgins, 58 F.R.D. 116, 117 (M.D.N.C. 1972) (observing that a liberal interpretation of process requirements "does not mean . . . that the provisions of the Rule may be ignored if the defendant receives actual notice").  Here, Plaintiff's attempt at service is so deficient that to validate it would completely ignore the rules for service of process.  The most significant deficiency would be Plaintiff's failure to direct service to the proper individual.

The Court need not, however, dismiss the Complaint.  Where, as here, "the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service."  Vorhees v. Fischer & Krecke, 697 F.2d 574, 576 (4th Cir. 1983) (internal quotation omitted).  If there is no prejudice to the defendant and there exists a reasonable prospect that service may yet be obtained, dismissal is

4

inappropriate and Plaintiff should be allowed another opportunity to effect service.  Umbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992).

Accordingly, it is this 11th day of August, 2015, by the United States District Court for the District of Maryland, ORDERED:

(1) That the Court will treat Defendant's Motion to Dismiss, ECF No. 7, as a motion to quash service of process and will grant it as such;

(2) That the service or process purportedly effected by Plaintiff upon Defendant is hereby quashed;

(3) That Plaintiff shall be granted an additional 30 days in which to effect proper service; and

(4) That the Clerk of the Court shall mail or transmit this Memorandum and Order to Plaintiff and all counsel of record.


_____/s/_____
William M. Nickerson
Senior United States District Judge