```
             IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND


MICHAEL L. MARSHALL          *
                             *
v.                           *    Civil Action No. WMN-15-555
                             *
MARSHALL'S TJX COMPANIES, INC.*

 *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

## MEMORANDUM AND ORDER

Plaintiff Michael Marshall, proceeding pro se, filed this action on February 26, 2015, against his former employer, TJX Companies, Inc. (TJX).[1]  Using a court-provided form complaint for employment discrimination claims, Plaintiff indicated that he was bringing his claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. (Title VII), but failed to identify the protected class to which he belongs.  See Compl. ¶ 5 (leaving unchecked all boxes asking for the alleged basis of the discriminatory conduct).  Elsewhere on the form he indicates that he was terminated on June 17, 2013, Id. ¶ 4, but he also indicates that he is complaining about events that occurred between 2008 and 2013.  Id. ¶ 8.

The facts Plaintiff offers in support of his claims are, in toto, the following:

> I had been complaining about being discriminated
> against by my store manager since 2008 but in 2010 I

---

[1] Plaintiff refers to Defendant as "Marshall's TJX Companies, Inc." but its correct name is TJX Companies, Inc.

> was transferred against my will to a failing store over an hour away and outside of my district after proving that I was being falsely accused.  I was then willfully and with malice targeted for harassment and termination.  I was repeatedly given out of policy correctives, written warnings and evaluations.  Many of the written correctives were administered by persons who were not my direct supervisor and had no firsthand knowledge of my performance; as a result they were for responsibilities that were not under my authority.

Id. ¶ 6.  In his Complaint, Plaintiff seeks back pay and two million dollars in monetary damages.

A summons was issued on March 31, 2015, and Plaintiff attempted to serve Defendant in May of 2015.  Defendant moved to dismiss the Complaint on June 15, 2015, arguing that service was insufficient for a number of reasons.  The Court agreed that service was improper, but treated the motion to dismiss as a motion to quash service, granted it as such, and gave Plaintiff 30 additional days in which to effect proper service.  ECF No. 11.  Plaintiff apparently attempted to effect service again, but with a Complaint that differed somewhat from the Complaint that was filed in this Court.  The most significant difference between the Complaint, as filed, and the Complaint, as served, is that in the served Complaint, Plaintiff identifies "race" as the basis of discrimination.  See ECF No. 13-3 ¶ 5.

Defendant has now filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim and under Rule 12(b)(5) for insufficient service

of process. ECF No. 13. Uncertain whether Plaintiff was bringing a Title VII claim under a theory of disparate treatment, harassment, or retaliation, Defendant attacked the Complaint under each theory. Noting that the Complaint that was served with the summons was not exactly the same as the Complaint that was filed with the Court, Defendant argues that Plaintiff has still failed to properly effect service.[2]

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a

---

[2] The Court will deny the motion to the extent it is premised on Plaintiff's failure to effect proper service. Unlike the previous challenge, where Plaintiff simply mailed a copy of the summons, without any complaint, to one of Defendant's stores, the violation of the service rules here is less significant. The difference between the copy of the Complaint as filed and as served is minor and Defendant clearly has notice of the nature of Plaintiff's claim. See Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984) ("When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process."). Given that the Court will require Plaintiff to file an amended complaint, see infra, that minor difference will have no import going forward.

3

cause of action, supported by mere conclusory statements, do not suffice." Id.

The Complaint, as filed with the Court, clearly does not state a Title VII claim under any theory of recovery. To establish a prima facie case of disparate treatment, a plaintiff must show that (1) he is a member of a protected class; (2) he was performing at a level that met his employer's legitimate expectations at the time of the adverse employment action; (3) he suffered an adverse employment action; and (4) his employer treated similarly situated employees outside his protected class more favorably. Dones v. Donahoe, 987 F. Supp. 2d 659, 667 (D. Md. 2013). As noted above, the Complaint, as filed, does not identify Plaintiff as a member of any protected class and, thus, also says nothing about the treatment of those outside of his class. Furthermore, while his termination would be considered an adverse employment action, Plaintiff provides no information about his termination other than the date on which it occurred. The actions to which he does attribute discriminatory animus, the transfer and negative evaluations, generally are not considered actionable "ultimate employment decisions." See Newman v. Giant Food, Inc., 187 F. Supp. 2d 524, 528-29 (D. Md. 2002). Regardless, much of that conduct appears to fall outside of the applicable limitations period. See Jones v. Calvert, 551 F.3d 297, 300 (4th Cir. 2009) (noting that a charge with the

4

EEOC or Maryland Human Relations Commission must be filed within 300 days of the alleged discriminatory conduct). Plaintiff alleges that he filed his charge with the Maryland Human Relations Commission on July 12, 2013, and thus his discrimination claim would generally be limited to events that occurred on or after September 15, 2012.

To establish a plausible harassment or hostile work environment claim under Title VII, a plaintiff must show that: (1) he experienced unwelcome harassment, (2) the harassment was based on race, (3) the harassment was sufficiently severe or pervasive to alter the conditions of his employment and to create an abusive atmosphere, and (4) there is some basis for imposing liability on the employer. See Baqir v. Principi, 434 F.3d 733, 745-46 (4th Cir. 2006). To be severe or pervasive, for purposes of Title VII, the harassment must meet a "high bar." Mallik v. Sebelius, 964 F. Supp. 2d 531, 547 (D. Md. 2013). "Title VII does not mandate civility in the workplace. Further, a supervisor's strict management style or degree of supervision is not evidence of actionable harassment." Engler v. Harris Corp., Civ. No. GLR-11-3597, 2012 WL 3745710, at *5 (D. Md. Aug. 28, 2012) (internal citations omitted). In the Complaint, as filed, Plaintiff complains about conduct such as being negatively evaluated by supervisors that had no firsthand knowledge of his performance and for areas outside the scope of

5

responsibilities. This is not the type of conduct that gives rise to a hostile environment claim. See EEOC v. Sunbelt Rentals, Inc., 521 F.3d 306, 315-16 (4th Cir. 2008) (holding that "callous behavior by one's superiors, or a routine difference of opinion and personality conflict with one's supervisor, are not actionable under Title VII").

To state a plausible retaliation claim, a plaintiff must show that (1) he engaged in protected activity, (2) his employer took an adverse employment action against him, and (3) there was a causal link between the two. Murphy-Taylor v. Hoffmann, 968 F. Supp. 2d 693, 720 (D. Md. 2013). To establish that third element, there must ordinarily be "some degree of temporal proximity to suggest a causal connection." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 501 (4th Cir. 2005). Plaintiff's allegation that he "had been complaining about being discriminated against by my store manager since 2008" could constitute protected activity, but, if the adverse employment action is his termination in 2013, the length of time between the two would undermine any causal connection. In addition, because there is no information in the Complaint regarding the circumstances of his termination, it is not apparent that the decision-maker who terminated Plaintiff's employment was even aware of his prior complaints of discrimination.

For these reasons, the Court will dismiss the Complaint as filed.  The question remains as to whether the dismissal should be with or without prejudice, i.e., whether Plaintiff will be given the opportunity to amend his complaint.  In his Opposition to the motion to dismiss, Plaintiff provided a lengthy narrative in support of his Title VII claim, ECF No. 15, and also attached to his Opposition a "Table of Contents," which appears to be a listing of documents he would present at trial.  ECF No. 15-1.  While a plaintiff "cannot, through the use of motion briefs, amend the complaint," Zachair. Ltd. v. Driggs, 965 F. Supp. 741, 748 n.4 (D. Md. 1997), the Court can permit, when appropriate, a plaintiff to file an amended complaint that includes the additional allegations.  Johnson v. SecTek, Inc., Civ. No. ELH-13-3798, 2014 WL 1464378, at *2 (D. Md. April 11, 2014).

Defendant contends that amendment would be futile in that the additional allegations recited in the Opposition are still insufficient to state a claim.  While much of the narrative in the Opposition is confusing, and some of it is irrelevant or actually undermines Plaintiff's claims, the Court will permit amendment in light of Plaintiff's pro se status and the admonition that courts "should freely grant leave when justice so requires," and should deny amendment only if the opposing party would be subject to undue prejudice, the movant acted with bad faith, or the amendment would be futile.  IGEN Int'l Inc. v.

7

Roche Diagnostics GmbH, 335 F.3d 303, 311 (4th Cir. 2003). Defendant's only expressed opposition to amendment is futility and the Court cannot conclude at this stage that Plaintiff will not be able to state a claim under Title VII. His Opposition relates a history of discriminatory treatment through 2013 which led "directly to my termination which is a direct result of retaliation for my complaints of discrimination." ECF No. 15 at 7-8.

In granting Plaintiff leave to amend, the Court is cognizant of some serious potential weaknesses in Plaintiff's claims. While Plaintiff identifies one of his supervisors, Don Retenhour, as the initial instigator of the discriminatory treatment under which he suffered, he also alleges that Defendant terminated Retenhour for his alleged racist activity. Id. at 10. In addition, the individual in management that appears to have been the primary decision maker in bringing about Plaintiff's termination of employment, District Manager Regie Coleman, is black. The bar of limitations will also likely bar some aspects of Plaintiff's claims.

Nevertheless, Plaintiff shall be granted 20 days in which to file his amended complaint containing the facts alleged in his original complaint, the facts alleged in his Opposition, and any other facts in support of his Title VII claim. Plaintiff

should also specify if he is bringing a hostile environment claim, a disparate treatment claim, and/or a retaliation claim.

Accordingly, IT IS this 2nd day of December, 2015, by the United States District Court for the District of Maryland, ORDERED:

1) That Defendant's Motion to Dismiss, ECF No. 13, is GRANTED;

2) That Plaintiff is granted 20 days from the date of this Memorandum and Order in which to file an amended complaint;

3) That should Plaintiff not file an amended complaint within that 20 days, this case shall be CLOSED; and

4) That the Clerk of the Court shall mail or transmit a copy of this Memorandum and Order to Plaintiff and all counsel of record.

_____/s/_____
William M. Nickerson
Senior United States District Judge