IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND

MICHAEL L. MARSHALL          *
                             *
v.                           *    Civil Action No. WMN-15-555
                             *
MARSHALL'S TJX COMPANIES, INC.*
   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Plaintiff filed this action on February 26, 2015, but apparently did not attempt service for several months.  On June 15, 2015, Defendant filed a motion to dismiss for insufficient service of process which the Court treated as a motion to quash service and granted it as such on August 11, 2015.  ECF No. 11. In the Order quashing service, the Court gave Plaintiff 30 days in which to effect proper service.  On October 1, 2015, Defendant filed a motion to dismiss for failure to state a claim which the Court granted on December 2, 2015.  ECF No. 17.  In the Memorandum and Order granting the motion to dismiss, the Court also granted Plaintiff 20 days in which to file an amended complaint.[1]  In that Order, the Court warned that, if Plaintiff did not file an amended complaint within that time period, the case would be closed.

The 20 days passed without Plaintiff having filed an amended complaint.  On December 28, 2015, the Court received a

---

[1] In granting Plaintiff leave to amend, the Court did note several serious potential weaknesses in Plaintiff's claims.  ECF No. 17 at 8.

proposed amended complaint from Plaintiff, but without explanation as to why it was untimely.  That proposed amended complaint was also unsigned and, for that reason, was returned to Plaintiff by the Clerk's Office on December 30, 2015.  On January 8, 2016, the Court issued an Order closing the case as Plaintiff had yet to submit a signed copy of his proposed amended complaint.  ECF No. 19.

On January 20, 2016, Plaintiff filed a "Motion to Reopen and Vacate the Closing," ECF No. 20, in which he represents that he had "no idea that [his] amended complaint for employment discrimination had not been filed within the 20 days allowed." He then recounts that, on December 17, 2015, he hired a process server to serve Defendant with "the papers" but, somehow, issues within the process service agency prevented service from happening until December 31, 2015.  Id.  Plaintiff, who is proceeding pro se, does not identify the legal basis for his motion but it is assumed that he is proceeding under Rule 60(b) of the Federal Rules of Civil Procedure.

The only subsection of Rule 60(b) that could arguably apply in this instance is 60(b)(1) which permits a court to "relieve a party . . . from a final judgment, order or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect." "The remedy provided by the Rule, however, is extraordinary and is only to be invoked upon a showing of exceptional

circumstances." Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). "Excusable neglect is not easily demonstrated, nor was it intended to be." Id. The Supreme Court articulated the standard for "excusable neglect" in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, identifying four factors for courts to consider, including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); see also Thompson v. E.I. DuPont de Nemours & Co., Inc., 76 F.3d 530, 533 (4th Cir. 1996). Moreover, "the most important factor considered by a court is the reason for the delay." Rothenberg v. Marriott Int'l, Inc., Civ. No. CCB-08-173, 2008 WL 687033, *1 (D. Md. Feb. 29, 2008) (citing Thompson, 76 F.3d at 534); see also United States v. Munoz, 605 F.3d 359, 372 (6th Cir. 2010) (noting that "the Pioneer factors do not carry equal weight; the excuse given for the late filing must have the greatest import").

Here, Plaintiff provides no reason, whatsoever, as to why he did not file his amended complaint in this Court within the time allowed. Instead, he recounts the failure of the process service agency to serve papers on the Defendant within that time period. There is no indication, however, that this agency was

3

also charged with filing the amended complaint on Plaintiff's behalf and Plaintiff does not explain why he did not mail his amended complaint to the Court as he has other pleadings. Plaintiff has previously invoked his pro se status as an excuse for his failure to properly effect service. ECF No. 9. Even were he to again invoke it here to explain his failure to achieve the relatively straightforward task of filing an amended complaint, his pro se status alone would not be enough to excuse that failure. See Atakulu v. Maryland Dep't of Human Res., Civ. No. GJH-14-0904, 2014 WL 2927772, at *4 (D. Md. June 26, 2014) (finding that, "without more," a pro se litigant's "ignorance of the law and relevant procedures is not sufficient to demonstrate excusable neglect").

Accordingly, IT IS this 6th day of April, 2016, by the United States District Court for the District of Maryland, ORDERED:

(1) That Plaintiff's Motion to Reopen and Vacate the Closing, ECF No. 20, is DENIED; and

(2) That the Clerk of the Court shall transmit a copy of this Memorandum and Order to Plaintiff and all counsel of record.

```
                        _____/s/_____
                        William M. Nickerson
                        Senior United States District Judge
```